# Exhibit A



## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 18, 2009

Ms. J. Macklin Milligan
Assistant District Attorney
Office of the General Counsel
Harris County
1201 Franklin, Suite 600
Houston, Texas 77002-1901

OR2009-11575

Dear Ms. Milligan:

You ask whether certain information is subject to required public disclosure under the Public Information Act (the "Act"), chapter 552 of the Government Code. Your request was assigned ID# 352589.

The Harris County District Attorney (the "district attorney") received a request for the entire litigation file of a specified case regarding a named individual. You state the district attorney has provided some of the requested information to the requestor. You claim the submitted case notes, juror information, victim statements, and police officer personnel assignment records are excepted from disclosure under sections 552.101, 552.108, 552.1175, and 552.1325 of the Government Code.[1] We have considered the exceptions you claim and reviewed the submitted information.

Initially, we must address the district attorney's procedural obligations under the Act. Pursuant to section 552.301(b) of the Government Code, a governmental body must ask for a decision from this office and state the exceptions that apply within ten business days of receiving the written request. Gov't Code § 552.301(b). You state the district attorney received the request for the entire litigation file on May 26, 2009. You explain that, at the requestor's request, the requestor met with the district attorney on June 9, 2009, the ten-business-day deadline, to discuss the responsive information and determine which pieces of the file the requestor wanted copied. Although you contend the meeting on June 9, 2009

---

[1] Although you also claim section 552.117, because the individuals at issue are not employed by the district attorney, section 552.1175 is the proper exception to raise for the information at issue.

restarted the district attorney's deadlines under section 552.301, such that the ten-business-day deadline would be June 23, 2009, you have not explained how the meeting with the requestor would restart the deadlines imposed by section 552.301. *See* Open Records Decision No. 663 at 5 (1999) (communication between a governmental body and a requestor regarding a request does not result in an additional ten full days for the governmental body to request a decision). Accordingly, the ten-business-day deadline to request a decision remained June 9, 2009. *See* Gov't Code § 552.301(b). The district attorney, however, did not request a ruling from this office until June 10, 2009. Consequently, we find the district attorney failed to comply with the requirements of section 552.301 in requesting this decision from our office.

Pursuant to section 552.302 of the Government Code, a governmental body's failure to comply with the requirements of section 552.301 results in the legal presumption the requested information is public and must be released unless a compelling reason exists to withhold the information from disclosure. *See id.* § 552.302; *Hancock v. State Bd. of Ins.*, 797 S.W.2d 379, 381-82 (Tex. App.—Austin 1990, no writ) (governmental body must make compelling demonstration to overcome presumption of openness pursuant to statutory predecessor to section 552.302); Open Records Decision No. 319 (1982). Generally, a compelling reason to withhold information exists where some other source of law makes the information confidential or where third party interests are at stake. Open Records Decision No. 150 at 2 (1977). Although you raise section 552.108 of the Government Code as an exception to disclosure of the submitted information, this exception is discretionary in nature. It serves only to protect a governmental body's interests and may be waived; as such, it does not constitute a compelling reason to withhold information for purposes of section 552.302. *See* Open Records Decisions Nos. 665 at 2 n.5 (2000) (discretionary exceptions in general), 177 (1977) (statutory predecessor to section 552.108 subject to waiver). Consequently, the district attorney may not withhold any of the submitted information pursuant to section 552.108 of the Government Code. However, because sections 552.101, 552.1175, and 552.1325 can provide compelling reasons to withhold information, we will consider the applicability of these exceptions to the submitted information.

Section 552.101 of the Government Code excepts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." Gov't Code § 552.101. This section encompasses information made confidential by other statutes. Information collected about jurors in the jury selection process is governed by article 35.29 of the Code of Criminal Procedure, which provides:

> Information collected by the court or by a prosecuting attorney during the jury selection process about a person who serves as a juror, including the juror's home address, home telephone number, social security number, driver's license number, and other personal information, is confidential and may not be disclosed by the court, the prosecuting attorney, the defense counsel, or any court personnel except on application by a party in the trial or on application by a bona fide member of the news media acting in such capacity to the court in which the person is serving or did serve as a juror. On a

>showing of good cause, the court shall permit disclosure of the information sought.

Crim. Proc. art. 35.29. Article 35.29 makes confidential certain personal information pertaining only to those individuals who actually served on the petit jury in a criminal trial. In addition to the confidential information listed in article 35.29, "other personal information" that is confidential pursuant to article 35.29 includes the juror's present employer, business telephone number, and spouse's employer. Juror names, however, are not made confidential by article 35.29, and are not "other personal information" that is confidential pursuant to article 35.29. You state Appendix B-1a contains information of individuals who served on the jury of a murder trial. It appears Appendix B-1a includes individuals that did and did not serve on the jury. Thus, to the extent the addresses and telephone numbers we have marked in Appendix B-1a are the home addresses, home telephone numbers, and business telephone numbers of individuals who actually served on the petit jury, the marked information must be withheld under section 552.101 of the Government Code in conjunction with article 35.29 of the Code of Criminal Procedure.

We note that some of the remaining information in Appendix B-1a is protected by common-law privacy. Section 552.101 also encompasses the doctrine of common-law privacy, which protects information if (1) the information contains highly intimate or embarrassing facts, the publication of which would be highly objectionable to a reasonable person, and (2) the information is not of legitimate concern to the public. *Indus. Found. v. Tex. Indus. Accident Bd.*, 540 S.W.2d 668, 685 (Tex.1976). To establish the applicability of common-law privacy, both prongs of this test must be demonstrated. *Id.* at 681-82. The types of information considered intimate or embarrassing by the Texas Supreme Court in *Industrial Foundation* included information relating to sexual assault, pregnancy, mental or physical abuse in the workplace, illegitimate children, psychiatric treatment of mental disorders, attempted suicide, and injuries to sexual organs. *Id.* at 683. In addition, this office has found that some kinds of medical information or information indicating disabilities or specific illnesses are excepted from required public disclosure under common-law privacy. *See* Open Records Decision Nos. 470 (1987) (illness from severe emotional and job-related stress), 455 (1987) (prescription drugs, illnesses, operations, and physical handicaps). Furthermore, an individual's criminal history when compiled by a governmental body may be protected under common-law privacy. *Cf. United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749 (1989). We have marked information in Appendix B-1a that is highly intimate or embarrassing and is not of legitimate public concern. This information must be withheld under section 552.101 of the Government Code in conjunction with common-law privacy. As you raise no other exceptions to disclosure for the remaining information in Appendix B-1a, it must be released to the requestor.

Section 552.101 also encompasses laws that make criminal history record information ("CHRI") confidential. CHRI generated by the National Crime Information Center or by the Texas Crime Information Center is confidential under federal and state law. Title 28, part 20 of the Code of Federal Regulations governs the release of CHRI that states obtain from the federal government or other states. Open Records Decision No. 565 at 7 (1990). The federal

regulations allow each state to follow its individual law with respect to CHRI it generates. *Id.* Section 411.083 of the Government Code deems confidential CHRI the Department of Public Safety ("DPS") maintains, except DPS may disseminate this information as provided in chapter 411, subchapter F of the Government Code. *See* Gov't Code § 411.083. Sections 411.083(b)(1) and 411.089(a) authorize a criminal justice agency to obtain CHRI; however, a criminal justice agency may not release CHRI except to another criminal justice agency for a criminal justice purpose. *Id.* § 411.089(b)(1). Other entities specified in chapter 411 of the Government Code are entitled to obtain CHRI from DPS or another criminal justice agency; however, those entities may not release CHRI except as provided by chapter 411. *See generally id.* §§ 411.090-.127. Similarly, any CHRI obtained from DPS or any other criminal justice agency must be withheld under section 552.101 of the Government Code in conjunction with Government Code chapter 411, subchapter F. We note a portion of the information in Appendix B-1 constitutes CHRI that is confidential under chapter 411. We have marked the CHRI in Appendix B-1 that the district attorney must withhold under section 552.101 of the Government Code in conjunction with federal law and chapter 411 of the Government Code.[2]

We note the remaining information in Appendix B-1 contains the Texas driver's license number of the individual named in the request. Section 552.130 of the Government Code provides that information relating to a motor vehicle operator's license, driver's license, motor vehicle title, or registration issued by a Texas agency is excepted from public release.[3] Gov't Code § 552.130(a)(1), (2). We have marked the named individual's Texas driver's license number, which is generally protected by section 552.130. We note, however, section 552.130 protects privacy interests. In this instance, the request indicates the requestor may be an authorized representative of the named individual. Thus, the requestor may have a right of access under section 552.023 to the marked driver's license number. *Id.* § 552.023(b) (governmental body may not deny access to person or person's representative to whom information relates on grounds information is considered confidential under privacy principles). If the requestor is an authorized representative of the named individual, then he has a right of access under section 552.023 to the marked driver's license number in Appendix B-1, and the number may not be withheld under section 552.130. *Id.* § 552.023(a). If the requestor is not an authorized representative of the named individual, then he does not have a right of access to the marked driver's license number, and the district attorney must withhold this information under section 552.130 of the Government Code.

You claim some of the remaining information is excepted under section 552.1175 of the Government Code, which provides in part:

---

[2] The request shows the requestor may be an authorized representative of the individual whose CHRI is at issue. We note the individual can obtain his own CHRI directly from DPS. Gov't Code § 411.083(b)(3).

[3] The Office of the Attorney General will raise a mandatory exception on behalf of a governmental body, but ordinarily will not raise other exceptions. *See* Open Records Decision Nos. 481 (1987), 480 (1987), 470 (1987).

>   (a) This section applies only to:
>
>> (1) peace officers as defined by Article 2.12, Code of Criminal Procedure; [and]
>>
>> . . .
>>
>> (6) officers and employees of a community supervision and corrections department established under Chapter 76 [of the Government Code] who perform a duty described by Section 76.004(b).
>
> (b) Information that relates to the home address, home telephone number, or social security number of an individual to whom this section applies, or that reveals whether the individual has family members is confidential and may not be disclosed to the public under this chapter if the individual to whom the information relates:
>
>> (1) chooses to restrict public access to the information; and
>>
>> (2) notifies the governmental body of the individual's choice on a form provided by the governmental body, accompanied by evidence of the individual's status.

*Id.* § 552.1175(a)(1), (6), (b). We note that section 552.1175 is also applicable to personal pager numbers, provided the pager service is not paid for by a governmental body. *See* Open Records Decision No. 506 at 5-6 (1998). We have marked information in Appendices B-1 and B-3 that may be excepted under section 552.1175. To the extent the individuals whose information we have marked are still peace officers or community supervision and corrections officers or employees and they elect to restrict access to their personal information in accordance with section 552.1175, the district attorney must withhold the home addresses, home telephone numbers, personal pager numbers, and family information we have marked under section 552.1175. *See, e.g.*, Open Records Decision No. 678 (2003). Otherwise, this information may not be withheld under section 552.1175 of the Government Code. As you have claimed no other exceptions to disclosure for the remaining information in Appendices B-1 and B-3, the information must be released.

You assert information in Appendix B-2 is excepted under section 552.1325 of the Government Code, which provides:

>   (a) In this section:
>
>> (1) "Crime victim" means a person who is a victim as defined by Article 56.32, Code of Criminal Procedure.

>   (2) "Victim impact statement" means a victim impact statement under Article 56.03, Code of Criminal Procedure.
>
> (b) The following information that is held by a governmental body or filed with a court and that is contained in a victim impact statement or was submitted for purposes of preparing a victim impact statement is confidential:
>
>   (1) the name, social security number, address, and telephone number of a crime victim; and
>
>   (2) any other information the disclosure of which would identify or tend to identify the crime victim.

Gov't Code § 552.1325. The definition of a victim under article 56.32 of the Code of Criminal Procedure includes an individual who suffers physical or mental harm as a result of criminally injurious conduct. Crim. Proc. Code § 56.32(a)(10), (11). Appendix B-2 consists of two victim impact statements as defined by article 56.03 of the Code of Criminal Procedure that were completed by a close relative of the deceased victims. *See* Code Crim. Proc. art. 56.03. The statements reflect the relative has suffered mental harm as a result of the criminally injurious conduct that led to the victims' deaths. Thus, we find the relative who completed the impact statements is a victim for purposes of article 56.32, and is, thus, a crime victim for purposes of section 552.1325. Therefore, the district attorney must withhold the crime victim's name, address, telephone number, and other identifying information we have marked in Appendix B-2 under section 552.1325 of the Government Code. As you have claimed no other exceptions to disclosure for the remaining information in Appendix B-2, it must be released.

In summary, to the extent the marked addresses and telephone numbers in Appendix B-1a are the home addresses, home telephone numbers, and business telephone numbers of individuals who actually served on the petit jury, the marked information must be withheld under section 552.101 of the Government Code in conjunction with article 35.29 of the Code of Criminal Procedure. The district attorney must withhold under section 552.101 of the Government Code the marked information in Appendix B-1a in conjunction with common-law privacy and the marked information in Appendix B-1 in conjunction with federal law and chapter 411 of the Government Code. If the requestor is not an authorized representative of the individual named in the request, the district attorney must withhold the marked Texas driver's license number in Appendix B-1 under section 552.130 of the Government Code. The district attorney must withhold the marked home addresses, home telephone numbers, personal pager numbers, and family information in Appendices B-1 and B-3 under section 552.1175 of the Government Code, to the extent the individuals whose information is marked are still peace officers or community supervision and corrections officers or employees and they elect to restrict access to their personal information in accordance with section 552.1175 of the Government Code. The district attorney must withhold the crime

victim's marked identifying information in Appendix B-2 under section 552.1325 of the Government Code. The remaining information must be released.[4]

This letter ruling is limited to the particular information at issue in this request and limited to the facts as presented to us; therefore, this ruling must not be relied upon as a previous determination regarding any other information or any other circumstances.

This ruling triggers important deadlines regarding the rights and responsibilities of the governmental body and of the requestor. For more information concerning those rights and responsibilities, please visit our website at http://www.oag.state.tx.us/open/index_orl.php, or call the Office of the Attorney General's Open Government Hotline, toll free, at (877) 673-6839. Questions concerning the allowable charges for providing public information under the Act must be directed to the Cost Rules Administrator of the Office of the Attorney General at (512) 475-2497.

Sincerely,

*Leah B. Wingerson*

Leah B. Wingerson
Assistant Attorney General
Open Records Division

LBW/dls

Ref:    ID# 352589

Enc.   Submitted documents

c:      Requestor
        (w/o enclosures)

---

[4]We note, if the requestor is an authorized representative of the individual named in the request, the information to be released contains information that is generally confidential with respect to the general public. If the district attorney receives another request for this information from a different requestor, the district attorney should again seek a decision from this office. Furthermore, the remaining information includes social security numbers. Section 552.147(b) of the Government Code authorizes a governmental body to redact a living person's social security number from public release without the necessity of requesting a decision from this office under the Act.