IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIE TYRONE TROTTIE, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:09-cv-00435 |
| | § | *CAPITAL CASE* |
| RICK THALER, | § | |
| Director, Texas Department | § | |
| of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

### RESPONDENT THALER'S RESPONSE IN OPPOSITION TO PETITIONER'S REQUEST FOR A STAY

This is a habeas corpus case brought under 28 U.S.C. §§ 2241 and 2254, whereby Petitioner Willie Tyrone Trottie challenges his state court conviction and sentence of death for the murders of Barbara and Titus Canada. On August 17, 2011, Trottie filed a response to the Director's Answer and Motion for Summary Judgment. *See* Docket Entry (DE) 49. In his response, Trottie seeks a stay to exhaust his *Brady*[1] and ineffective-assistance-of-counsel-claims. *See* DE 49 at 18-22. For the following reasons, the Director opposes this request.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court delineated the "limited circumstances" in which a federal habeas court has discretion to "stay and abate" federal habeas proceedings to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

federal court for review of his perfected petition. The Supreme Court held that a federal court has the authority to stay a mixed habeas corpus petition and hold it in abeyance so that a petitioner can exhaust his claims in state court without having the one-year statute of limitations expire. *Id.* at 275-76.

Nonetheless, recognizing that stay and abeyance has the potential to undermine the AEDPA's objectives of reducing delay ("particularly in capital cases") and encouraging prisoners to bring all their claims to state court before seeking federal relief, the Court held that "stay and abeyance should be available only in limited circumstances." *Id.* at 277. Specifically, (1) the district court must "determine[] there was good cause for the petitioner's failure to exhaust his claims first in state court," (2) "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless," (3) "district courts should place reasonable time limits on a petitioner's trip to state court and back," and (4) "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id.* at 277-78.

Trottie's request centers around evidence he claims was not available until he filed his petition in this Court. Specifically, he refers to evidence that was in the prosecutor's file, namely (1) "the DA's Internal Memo stating that Connie Williams [Trottie's trial counsel] had not reviewed the file as late as 15 days

before trial"; (2) "Prosecutor Johnny Sutton's case notes regarding Probation Officer Lynn Clark's statement that Barbara 'probably did mess with Trottie's head a little'"; and (3) "Sutton's note to file indicating Connie Williams reviewed the file 'several weeks' before trial." DE 49 at 19. Trottie argues that he has "good cause" for his failure to raise his *Brady* allegation and his claim that counsel conducted an eleventh-hour investigation, namely that the prosecution suppressed this evidence until now. *Id.* at 21-22.

To the contrary, as the Director pointed out in his Answer and Motion for Summary Judgment, Trottie provided a document—Exhibit 29—in which the prosecutor stated that defense counsel reviewed the State's file. And in his affidavit, defense counsel asserted that he reviewed the State's file and obtained discovery. SHCR 187. Counsel further proclaimed: "The State's file was open to the defense before and throughout trial." *Id.* at 188. Simply put, Trottie presents absolutely no evidence indicating the prosecution precluded him from seeing the files until federal habeas review. He merely alleges that suppression occurred without supporting that claim with actual facts. DE 49 at 19-21.

Respecting his ineffective-assistance-of-counsel claim, Trottie's "good cause" argument appears to be that trial counsel did not respond to state habeas counsel's attempts to communicate between 1997 and 2008; thus, even if trial counsel knew about these documents, his lack of cooperation prevented state

3

habeas counsel from discovering them.² However, Trottie has offered nothing to show that the DA's file was not available to state habeas counsel himself. In other words, nothing prevented state habeas counsel from obtaining and looking at the DA's file. *See Kutzner v. Cockrell*, 303 F.3d 333, 336 (5th Cir. 2002) ("When evidence is equally available to both the defense and the prosecution, the defendant must bear the responsibility of failing to conduct a diligent investigation."). Indeed, the fact that Trottie presented this evidence on federal habeas review reveals that it was available. Therefore, Trottie has failed to satisfy *Rhines* "good cause" requirement. *See Fearance v. Scott*, 56 F.3d 633, 636 (5th Cir. 1995) (Failure to raise a claim in a prior state habeas corpus application may not be excused for cause unless the claim was not "reasonably available" at the time of the prior petition.).

Even if Trottie could demonstrate cause, he cannot show that his claims are meritorious. First, unexhausted claims are procedurally defaulted for the purposes of federal habeas review because, as in this case, if Trottie returned to state court in order to exhaust his claims by filing a successive state application, the application would be dismissed for abuse of the writ. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Williams v. Thaler*, 602 F.3d 291, 305-06 (5th Cir.),

---

² Trottie's request for a stay regarding this allegation is somewhat confusing because he also argues that he exhausted his ineffectiveness claim or claims. DE 49 at 13-15.

*cert. denied*, 131 S. Ct. 506 (2010). And it is settled that procedurally defaulted claims are plainly meritless under *Rhines*. *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005).

Second, Trottie's claims would not entitle him to habeas relief anyway. The Director addressed these allegations in his Answer and sees no need to brief them again. But in short, with respect to the ineffectiveness claim, (1) trial counsel did review the State's files; (2) Trottie does not explain how he was harmed by the brevity of any investigation or consultation with his expert; (3) his expert drafted a comprehensive report covering all aspects of Trottie's history and character and the circumstances of the crime; (4) the above evidence was either insignificant or came out at trial through other testimony; and (5) Trottie has failed to demonstrate prejudice, particularly considering his criminal history, the brutality of the murders, and the overwhelming evidence of premeditation.

With regard to Trottie's *Brady* claim, his allegation of suppression is conclusory; there is no evidence to show the prosecution prevented the defense from seeing these documents. Further, the evidence was not material. The note indicating that Clark stated Barbara probably "messed" with Trottie's head a little (1) also included damaging information about Trottie's desire to kill Barbara and his admission that he once kidnapped her and took her to

5

Galveston; (2) the substance of the note came out when Lynn Clark testified; and (3) there is not a reasonable probability that it would have altered the outcome because it surely does not justify Trottie's crime, nor does it come close to rebutting the State's case of premeditation and planning, especially as it pertains to the murder of Titus Canada.

For the foregoing reasons, Trottie fails to meet the *Rhines* criteria. Thus, this Court should deny his request for a stay.

>Respectfully submitted,
>
>GREG ABBOTT
>Attorney General of Texas
>
>DANIEL T. HODGE
>First Assistant Attorney General
>
>DON CLEMMER
>Deputy Attorney General
>for Criminal Justice
>
>EDWARD L. MARSHALL
>Chief, Postconviction Litigation Division

|  |  |
|---|---|
| | /s/ W. Erich Dryden |
| | *W. ERICH DRYDEN |
| *Attorney-in-Charge | Assistant Attorney General |
| | State Bar No. 24008786 |
| | So. Dist. Admission No. 23717 |

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1400
(512) 320-8132 (Fax)

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing Respondent Thaler's Response in Opposition to Petitioner's Request for a Stay has been served electronically to Zoe Dolan and David Adler, counsel for the Petitioner, on this the 6th day of September, 2011.

/s/ W. Erich Dryden
W. ERICH DRYDEN
Assistant Attorney General